JOHN HADEN AND ANOTHER, RESPONDENTS, *v.* CHARLES A. BUDDENSICK AND OTHERS, APPELLANTS.

*Mortgage — consideration.*

APPEAL from a judgment for plaintiff, entered on a referee's report.

The object of this action was the foreclosure of a mortgage executed by the defendants Charles A. Buddensick and wife, to Gustav A. Sturtzkober, to secure the payment of $8,000 and interest, and assigned by him to the plaintiffs and Samuel Wilson, the latter of whom afterward assigned his interest to the plaintiffs. Before the execution of the mortgage, the mortgagee, Sturtzkober, had entered into contracts with the defendant Charles A. Buddensick, for supply-

ing materials and the performance of labor, in erecting and finishing certain buildings on premises situate in the city of New York. The plaintiffs and Wilson, then their partner, had furnished and, supplied to Sturtzkober, the contractor, sashes, blinds and doors. for such buildings, at his request, for which he had become indebted to them in the sum of $8,000, and they had filed a lien for the debt on the buildings and the land they stood upon. By the terms of the contracts, nothing appears to have been due to the contractor when the mortgage was given. And whether anything more would afterward become due to him under their terms, depended upon the completion of the work; upon that being done, a much larger amount than that mentioned in the mortgage would become due from the mortgagor to the mortgagee. The former, for some reason, desired to remove the lien from his property, which had been placed upon it by the plaintiffs and Wilson, and for that purpose agreed to give the mortgage, and the bond secured by it, to the contractor, with the understanding that it should be assigned to them upon their discharging their lien. In conformity to that agreement, the bond and mortgage were executed, delivered and assigned, and the plaintiffs and Wilson discharged and satisfied their lien. The defendants Buddensick and wife claimed, upon the trial, and insisted upon the argument of the appeal, that, as long as nothing was actually payable by the terms of the contracts when the bond and mortgage were given, they were without consideration, and could not be enforced, for the reason that the contractor had since failed to complete his work.

The General Term *held*, that, to create a consideration sufficient to support an obligation for the security or payment of money, nothing further was required by either law or equity, than benefit to the party obligated, or harm to the person designed to receive it. (1 Parsons on Cont. [2d ed.], 357; *Freeman* v. *Freeman*, 43 N. Y., 34, 39.) That it undoubtedly was beneficial to Buddensick, the mortgagor and owner of the property, to have the lien appearing against it discharged. And, after receiving the stipulated benefit, and giving the bond and mortgage for it, he could not be exonerated from the obligation to pay what he expressly covenanted for as its price. That if the contractor failed to perform his agreements, the remedy against him was confined to an equivalent by way

of damages, not by resisting the enforcement of the security not rendered dependent on his future fulfillment.

*Benjamin M. Stillwell*, for the appellants.

*Osborn E. Bright*, for the respondents.

Opinion by DANIELS, J.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.